## 45073. HUGHES v. THE STATE.
(364 SE2d 864)

MARSHALL, Chief Justice.

The appellant, Robert Lee Hughes, was indicted for the malice murder and armed robbery of Reverend Lucious Huff.

The state sought imposition of the death penalty on the ground that "[t]he offender committed the offense of murder for himself or another, for the purpose of receiving money or any other thing of monetary value." OCGA § 17-10-30 (b) (4). At the guilt/innocence phase of the trial, the appellant was convicted of murder, although he was acquitted of armed robbery. At the sentencing phase, the jury found that the evidence establishes the existence of the foregoing statutory aggravating circumstance; however, the jury recommended that the appellant's punishment be life imprisonment, and he was so sentenced.[1]

In this appeal, the appellant contests the sufficiency of the evidence to support the verdict. He also contends that the trial court erred in presenting for the jury's consideration the question of whether the appellant should have been given the death sentence pursuant to the § (b) (4) aggravating circumstance, in view of the jury's acquittal of appellant with respect to the armed robbery charge.

We hold that the evidence (reviewed, infra) is clearly sufficient, under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support the conviction of murder, and, in view of the fact that the appellant was sentenced to life imprisonment, any error in the trial court's allowing the jury to consider whether the death penalty should have been imposed was clearly harmless. We thus affirm.

On the evening of December 11, 1985, the appellant met the victim in Macon, Georgia. The victim offered to pay to observe the ap-

---

[1] The trial in this case began on March 31, 1986. The jury returned its verdict finding the appellant guilty of murder on April 2, 1986, and the appellant was sentenced to life imprisonment on April 3, 1986. A motion for new trial was filed on April 29, 1986, and denied on July 24, 1987. The notice of appeal was filed on August 4, 1987. The record was docketed in this court on October 3, 1987, and the case was submitted for decision without oral argument on November 20, 1987.

pellant and his girl friend, Tammie Hall, engage in sexual activities. After the victim showed the appellant "a knot of money," the appellant agreed to the victim's proposition so that the appellant could "get the money."

The victim drove the appellant to Ms. Hall's residence; the appellant asked Ms. Hall's brother to baby-sit, telling him he would pay him when he got back. The appellant told Ms. Hall that there was a man downstairs who wanted to watch them have sex and who had a lot of money, and that the appellant was going to need a knife to take it. Ms. Hall retrieved a butcher knife, gave it to the appellant, and they left with the victim.

The victim rented a motel room at the Skyline Motel, wherein the appellant and Ms. Hall had sexual relations while the victim watched. The victim attempted to touch the appellant, who became angry and stabbed the victim with the knife. The appellant then put the body in the bathroom, took the victim's money and car keys, and he and Ms. Hall then drove away in the victim's car, which they drove into a ditch and abandoned. However, the appellant's driver's license was found on the rear passenger floorboard of the automobile. Although the appellant discarded the knife, as well as his sweater and jacket, these were recovered by the police pursuant to directions given them by Ms. Hall. The appellant and Ms. Hall encountered Jones County Sheriff Department Officer Melvin Johnson, and they obtained a ride home with him. As Officer Johnson was driving away from Ms. Hall's apartment, he received a call to go to the Skyline Motel, the night manager having discovered the victim's body. The night manager was then driven to Ms. Hall's apartment; he identified her, and she identified the appellant. The victim died of exsanguination as a result of a stab wound to the heart.

As previously stated, this evidence was sufficient to support the verdict, and no reversible error appears.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 18, 1988.

*Charles D. Newberry, Reginald L. Bellury,* for appellant.

*Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.